Jacob S. Wessel, Esq ISB: #7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
wessel@thwlaw.com

  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRISELDA CORONADO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHOBANI IDAHO, LLC  an Idaho )<br>Limited Liability Company and CHOBANI, )<br>LLC, a Delaware Limited Liability )<br>Company, )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:18-CV-87<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL |

Plaintiff Griselda Coronado, for cause of action against Chobani, LLC and Chobani Idaho, LLC (hereinafter collectively " Chobani"),  states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a claim under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff's rights and the rights of other qualified people with disabilities to fair treatment and equal opportunity, and to make Plaintiff whole.  Plaintiff Griselda Coronado is a qualified individual with a physical impairment,

1 -	COMPLAINT AND DEMAND FOR JURY TRIAL

which substantially limits her in one or more major life activities.  Chobani discriminated against Plaintiff Griselda Coronado in the terms and conditions of her employment by firing her for her disability and by failing to reasonably accommodate her disability.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12117(a) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

4. The employment practices alleged herein were committed in the District of Idaho, County of Twin Falls.

## PARTIES

5. Plaintiff is a resident and citizen of the State of Idaho and at all times relevant hereto was a resident of the County of Twin Falls.

6. Defendant Chobani, LLC is a Delaware corporation doing business in the State of Idaho, County of Twin Falls; Chobani, LLC sent letters to Plaintiff regarding her benefits and her termination.

7. Defendant Chobani Idaho, LLC is an Idaho corporation doing business in the State of Idaho, County of Twin Falls; Chobani Idaho, LLC is the entity on Plaintiff's paychecks.

8. Chobani employs and has employed during the relevant period more than 15 employees and was engaged in an industry affecting commerce.  At all material times, Chobani was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

9. Plaintiff Griselda Coronado is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a), in that she has a physical impairment which substantially limits one or more major life activities.

10. Chobani regarded and treated Plaintiff Griselda Coronado as a person with an impairment that substantially limited one or more major life activities. Plaintiff's ability to perform the essential functions of her position with Chobani was limited as a result of the attitude of Chobani toward her impairments.

11. Despite her disability, at all relevant times Plaintiff was able to work and qualified for the positions she held with Chobani, with or without reasonable accommodation. Plaintiff was fully able to perform the essential functions of the positions she held with Chobani.

## PROCEDURAL REQUIREMENTS

12. Plaintiff Griselda Coronado has filed a charge of unlawful employment practices with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

13. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") authorizing her to commence a civil action. Plaintiff has filed this complaint within 90 days from the date she received her notice authorizing her to bring actions.

## COUNT I: (DISABILITY DISCRIMINATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

14. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff Griselda Coronado began working for Chobani in 2013, and was employed

by Chobani as a case packer operator, working in Twin Falls County, Idaho, until she was terminated in violation of the Americans with Disabilities Act on or about October 26, 2017.

16.     Due to Chobani refusing to accommodate her in late 2016, Plaintiff was forced to take a medical leave of absence due to her diability.

17.     On September 11, 2017, Chobani sent Plaitniff a letter from Leave Specialist Lisa Pearson asking Plaintiff to contact them about returning to work before October 20, 2017.

18.     In September, 2017 Plaintiff sent a letter to Ms. Pearson stating that she would like to return to work immediately, but asking for a reasonable accommodation; Plaintiff included a letter from her doctor releasing her to return to work with minor restrictions.

19.     On October 26, 2017 Plaintiff received a letter from Chobani Idaho, LLC in which Chobani refused her requested accommodations and terminated her employment.

20.     Chobani refused to engage in the interactive process to discuss Plaintiff's requested accommodations.

21.     On November 3, 2017 Plaintiff received a letter from Chobani, LLC Human Resources Department confirming her termination and outlining her benefits.

22.     Chobani has refused to accommodate Plaintiff's disability in any way.

23.     Plaintiff Griselda Coronado was and is qualified for her position at Chobani and was and is able to perform the essential functions of such position with or without a reasonable accommodation.

24.     Plaintiff Griselda Coronado was at all times relevant hereto and is a disabled individual within the meaning of the Americans with Disabilities Act in that she has a disability that substantially limits one or more major life activities.

4 -     COMPLAINT AND DEMAND FOR JURY TRIAL

25. Chobani engaged in unlawful intentional discrimination against Plaintiff on the basis of disability in the terms and conditions of Plaintiff's employment and in her termination.

26. As a result of Chobani' intentional acts alleged herein, Plaintiff suffered emotional distress, mental anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life, resulting in damages in such amount as may be available under applicable law.

27. Chobani' acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to Plaintiff's federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages as determined by a jury and available under applicable law, should be awarded to punish Chobani and deter such conduct in the future.

28. Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following statutes: 42 U.S.C. § 1988, 42 U.S.C. § 12205 and any other applicable federal and/or state statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

1. To assume jurisdiction over each of the causes set forth herein.

2. To declare Chobani's conduct as alleged herein to be in violation of the ADA.

3. For back pay and benefits from the date of termination to date of trial, in an amount to be proven at trial;

4. For front pay and benefits from date of trial in an amount to be proven at trial as an equitable remedy in lieu of reinstatement;

5. For a permanent injunction enjoining Chobani, its owners, officers, management personnel, employees and all persons in active concert or participation with Chobani

from engaging in any employment practice which discriminates on the basis of disability;

6. For general damages for Plaintiff's emotional distress in an amount to be proven at trial;

7. For punitive damages in an amount to be proven at trial;

8. For pre-judgment interest at the highest applicable rate upon all amounts found due and owing;

9. For Plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

10. For such other and further relief as the court deems just and equitable.

DATED February 22, 2018.

        THOMSEN HOLMAN WHEILER, PLLC

        By:   /s/
                Jacob S. Wessel, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED February 22, 2018.

        THOMSEN HOLMAN WHEILER, PLLC

        By:   /s/
                Jacob S. Wessel, Esq.